[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16383
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-23295-CV-ASG

GIOVANNI SAIRRAS,

Plaintiff-Appellant,

versus

JONATHAN SCHLEFFER, et al., Drug Enforcement
Administration Group Supervisor in his
individual capacity,
SHAWN PERRY, Lead Special Agent, in his
individual capacity, Federal Drug Enforcement
Administration,
KARRY EVANS, Co-Lead Special Agent, in his
individual capacity, Federal Drug Enforcement
Administration,
DOUGLAS BARTELT, in his individual capacity,
Detective Special Drug Division, Miami Metro
Dade Police Department,
MICHAEL GRECO,  in his individual capacity,
Assistant State Attorney, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 22, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Giovanni Sairras, a state prisoner proceeding pro se, appeals the sua sponte dismissal of his civil action against three agents of the federal Drug Enforcement Agency ("DEA"), a state police officer, and two Assistant State Attorneys involved in his arrest.[1] This dismissal was for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). After review, we affirm in part and vacate and remand in part.

In his complaint, Sairras, a Suriname national, alleged that he was arrested by Defendants Perry, Evans, and Bartelt and transported to an interrogation room. Sairras alleged, inter alia, that the Defendants never advised him of his right to contact the Suriname Consulate and that Defendant Bartelt beat him with a closed fist and uttered racial epithets and profanity to him.[2] Sairras sought compensatory

---

[1]The complaint named as Defendants: (1) DEA supervisor Jonathan Schleffer; (2) DEA agent Shawn Perry; (3) DEA agent Karry Evans; (4) Miami Metro Dade police officer Douglas Bartelt; (5) Assistant State Attorney Michael Greco; and (6) Assistant State Attorney Andrea Ricker Wolfson.

[2]Sairras later was convicted of drug trafficking and is serving a 20-year sentence.

and punitive damages to remedy the "torture" and deprivation of his rights under the Vienna Convention on Consular Relations ("Vienna Convention")[3] to access the Suriname Consulate. Sairras repeatedly cited both 42 U.S.C. § 1983 and the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350, as his basis for relief and stated that Bartelt's "deliberate torture" violated "universally accepted norms of international law of human rights."[4]

The district court dismissed Sairras's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). First, the district court rejected Sairras's argument that there is a judicially enforceable right for individuals under the Vienna Convention. Although Sairras relied on the Seventh Circuit's decision in Jogi v. Voges, 480 F.3d 822 (7th Cir. 2007), the district court noted that this Court expressly rejected the reasoning of Jogi in Gandara v. Bennett, 528 F.3d 823 (11th Cir. 2008), and found that no such right exists.

The district court also found that Sairras's complaint was barred by the four-

---

[3]"Article 36 of the Vienna Convention provides that upon arrest, a foreign national has the right to contact the consular post of his home country, and that the arresting authorities must inform the detainee of that right. Once a detainee is informed of his right to contact the local consulate's office, the arresting authorities must forward any desired communications to that foreign office." Maharaj v. Sec'y for Dep't of Corr., 432 F.3d 1292, 1304 (11th Cir. 2005) (citation and footnote omitted).

[4]Sairras referred to the relief he sought under 28 U.S.C. § 1350 by various names in his pleadings, including the "Alien Tort Statute," "Federal Torture Victims Act," and "Alien Tort Claims Act." To avoid confusion, we will refer to the statute as the ATCA.

3

year statute of limitations. The district court determined that the statute of limitations began to run on May 20, 2003,[5] when Sairras was aware of his injury and knew the identity of the culprits, and expired before his complaint was filed in December 2007.[6] The district court rejected Sairras's assertion that he was entitled to equitable tolling until Jogi was decided in 2007 because (1) the Jogi decision has not been adopted in this Court, (2) a change in the law is not an "extraordinary circumstance" warranting equitable tolling, (3) Sairras failed to seek a remedy for these injuries prior to the expiration of the statute of limitations, and (4) Florida law does not provide for equitable tolling based on newly recognized rights. The district court did not separately address Sairras's claims under the ATCA and appeared to treat all of his claims as if they were brought pursuant to § 1983.

We agree with the district court's dismissal of Sairras's § 1983 complaint as

_____

[5]While the district court stated that Sairras's date of injury was March 20, 2003, it appears that it meant to say May 20, 2003, which was the date Sairras was charged. Both the district court and the magistrate judge used the May 20, 2003 date Sairras was charged as the date that the statute of limitations began because it was the only date Sairras provided in his complaint. He did not state the date of his arrest in his complaint or in any subsequent pleadings. In any event, Sairras's arrest necessarily came before the date he was charged so he was not prejudiced by the use of May 20, 2003 as the date that the statute of limitations started to run.

[6]The district court also adopted the magistrate judge's recommendation that Sairras's complaint be dismissed because Sairras failed to state a claim against Defendant Schleffer and could not prove a prima facie case of malicious prosecution against Defendants Greco and Wolfson. Sairras does not challenge these rulings on appeal.

barred by the statute of limitations.[7]  Sairras did not file his § 1983 claim within Florida's four-year statute of limitations for filing personal injury actions.  Fla. Stat. § 95.11(3); Wilson v. Garcia, 471 U.S. 261, 270-75, 280, 105 S. Ct. 1938, 1943-47, 1949 (1985) (concluding that § 1983 actions are best characterized as personal injury actions and that the forum state's statute of limitations for personal injury actions applies).  Also, Sairras was not entitled to equitable tolling of the statute of limitations until Jogi was decided because, inter alia, this Court has not adopted the holding in Jogi that the Vienna Convention contains a private action and remedy enforceable through § 1983.  See Gandara, 528 F.3d at 827-29.  For this same reason, Sairras could not state a § 1983 claim even if his complaint was timely filed.  Thus, we affirm the district court's dismissal of Sairras's § 1983 claim.

Sairras, however, also alleged a separate claim under the ATCA.  The ATCA provides that district courts have jurisdiction to hear actions brought by aliens for torts committed in violation of the law of nations or treaties.  28 U.S.C. § 1350.  To obtain relief under § 1350, a plaintiff must prove a prima facie case that he is (1) an

---

[7]We review de novo a sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii).  Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th Cir. 1997).  We liberally construe pro se pleadings, holding them to a less stringent standard than attorney-drafted pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

5

alien, (2) suing for a tort, which was (3) committed in violation of the law of nations. Aldana v. Del Monte Fresh Produce, 416 F.3d 1242, 1246 (11th Cir. 2005). The ATCA is "jurisdictional in nature" but also "provides a cause of action 'for the modest number of international law violations with a potential for personal liability at the time [of its enactment].'" Id. (quoting Sosa v. Alvarez-Machain, 542 U.S. 692, 724, 124 S. Ct. 2739, 2761 (2004)) (alteration in original). This Court has recognized that "[s]tate-sponsored torture, unlike torture by private actors, likely violates international law and is therefore actionable under the [ATCA]." Id. at 1247.

In addition to his § 1983 claim, Sairras alleged a separate ATCA claim that the Defendants beat and tortured him during their interrogation in violation of international law. Sairras referenced the ATCA throughout his complaint and his objections to the magistrate judge's recommendation and noted the ATCA's longer statute of limitations of ten years. See Cabello v. Fernandez-Larios, 402 F.3d 1148, 1153 (11th Cir. 2005). The district court either treated Sairras's ATCA claim as subsumed within his § 1983 claim or failed to address the ATCA claim at all. Because the ATCA claim has a longer statute of limitations and encompasses allegations regarding the alleged beating that go beyond Sairras's argument regarding the Vienna Convention, the ATCA claim presents different

6

considerations than his § 1983 claim.  And the district court should address them in the first instance.  Accordingly, we vacate and remand for the district court to address in the first instance whether Sairras's ATCA claim survives review under 28 U.S.C. § 1915.  See Bartholomew v. AGL Resources, Inc., 361 F.3d 1333, 1342 n.6 (11th Cir. 2004).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**